IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    Respondent,

v.    CASE NO. 4:06-cr-63-RH-GRJ-3

MARCOLYNN GERMAINE WILLIAMS,

    Petitioner

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 133, a motion to vacate pursuant to 28 U.S.C. § 2255. The motion stems from Defendant's convictions for conspiracy to distribute and to possess with the intent to distribute cocaine, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(B)(ii), 846; distribution of a mixture and substance containing cocaine, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(C); possession with the intent to distribute marijuana and a mixture and substance containing cocaine, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(B), (b)(1)(C); and possession of a firearm by a convicted felon, in violation of 18 U.S.C §§ 922(g), 924(a)(2).

The Court sentenced Defendant to 108 months' imprisonment. (Doc. 84.) In the instant motion, Defendant contends that he was denied his Sixth Amendment right to the effective assistance of counsel. Defendant also claims that his convictions and sentence violate the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. The Government has filed a response in opposition to the motion. (Doc. 140.) Defendant has filed a reply to the response. (Doc. 141.) Upon

due consideration of Defendant's motion to vacate, memorandum in support, the Government's response, and Defendant's reply, the undersigned recommends that the motion to vacate be denied.[1]

## Background

The charges against Defendant stem from a series of controlled buys, in which an informant working for the Tallahassee Police Department purchased cocaine from Defendant.  See *United States v. Williams*, 259 F. App'x 281, 282 (11th Cir. 2007) (affirming convictions).  Police searched Defendant's residence and discovered drugs, drug paraphernalia, and a loaded firearm.  *Id.*  The police also found drugs in Defendant's vehicle.  *Id.*  After his arrest, Defendant admitted to the police that he had been selling cocaine for the past five years and that he kept a firearm for protection.  *Id.*

At trial, Defendant was found guilty of conspiracy to distribute cocaine, distribution of cocaine and marijuana, and possession of a firearm by a convicted felon. Defendant was acquitted of the charge of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C §§ 924(c)(1).  Defendant had also been charged with distribution of more than 500 grams of cocaine, but pursuant to a special interrogatory, the jury found him guilty of distribution of less than 500 grams of cocaine.

The Presentence Investigation Report (PSI) calculated a total offense level of 32, adjusted to 34 because Defendant was a career criminal, and a criminal history category of VI, also based on career criminal status.  *Id.* at 285.  Defendant's counsel filed written objections to the calculation of the drug weight for which Defendant was

---

[1] The issues presented by the motion may be resolved on the basis of the record, and therefore no evidentiary hearing is necessary.  See Rule 8, Rules Governing Section 2255 Proceedings.

held responsible, the two-level enhancement for possession of a firearm in furtherance of a drug crime, and the categorization of Defendant as a career criminal.  (Doc. 77.)  She also requested clarification as to whether the PSI's two-level enhancement for obstruction of justice related to Defendant's in-court testimony or out-of-court statements to police.

The Court concluded that Defendant was not a career offender, but overruled the objections to drug quantity and the firearm enhancement.  *Williams*, 259 F. App'x at 286.  The Court also stated that the two-level obstruction of justice enhancement was justified based on Defendant's "willfully false testimony" at trial regarding a drug deal he had made without the government's knowledge, while simultaneously acting as a confidential informant.  (Trans. Vol. 7, at 30.)  The Court calculated a total offense level of 30 and a criminal history category of II, for a guideline imprisonment range of 108 to 135 months.  (Doc. 87.)  Defendant was sentenced on February 16, 2007 to a 108-month term of imprisonment, followed by six years of supervised release.  (Doc. 84.)  Defendant appealed his conviction and sentence to the Eleventh Circuit.  *See United States v. Williams*, 259 F. App'x 281 (11th Cir. 2007).  On appeal, Defendant unsuccessfully argued that the government had committed a Jencks Act violation in failing to disclose one of the controlled buys of cocaine, and that the district court had violated his Sixth Amendment rights in considering acquitted conduct when it calculated his sentence.

Defendant filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on April 13, 2009.  Defendant contends that his trial counsel rendered ineffective assistance (1) for failing to warn Defendant prior to his

testimony at trial that he could receive a sentencing enhancement for obstruction of justice, if he were found guilty; and (2) for cumulative errors before and during trial, at sentencing, and on appeal.  Defendant also claims that his convictions and sentence violate the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution.

## Standard of Review

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Further, disposition of a claim of error on direct appeal precludes further review in a subsequent collateral proceeding. *See, e.g.*, *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The court may dispose of the

claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).

The prejudice prong of *Strickland* focuses on whether the trial was unreliable or fundamentally unfair due to counsel's deficient performance. *Strickland*, 466 U.S. at 687. Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of a constitutionally protected right. *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000). To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### Ineffective Assistance of Counsel: Obstruction of Justice Enhancement

Defendant claims that his attorney was ineffective because she failed to inform him that if he testified at trial and was not believed by the jury, he could receive a two-level enhancement of his sentencing guidelines for obstruction of justice. The government has not submitted an affidavit from the attorney disclosing whether or not she informed Defendant of the risk of a sentencing enhancement, and there is no other evidence on the record that supports a finding that Defendant was or was not so informed. For the purposes of this analysis, then, the Court assumes that Defendant's counsel did not inform him that he could receive a sentencing enhancement for obstruction of justice if his trial testimony was not believed. Even with such an assumption, Defendant fails to carry his burden of showing that his counsel's performance was deficient or that he suffered prejudice as a result of any deficiency.

The obstruction of justice enhancement was based primarily—though not exclusively—on Defendant's conflicting testimony regarding a purported debt of $1800. The PSI noted that Defendant had been cooperating with police, making controlled buys of cocaine from his co-defendant Richard Bennett. (PSI, at 6.) In August 2006, Defendant told the Tallahassee Police Department investigator with whom he had been working that he owed Mr. Bennett $1800, which he had borrowed to pay his bills. *Id.* Defendant later confessed that he had made a cocaine purchase without informing law enforcement, and had spent the proceeds from selling the cocaine. *Id.* At trial, however, Defendant claimed that he had not made the cocaine purchase, and that his earlier confession to law enforcement was untruthful. (Trans. Vol. 7, at 28.)

The PSI provided the following explanation for a two-level enhancement for obstruction of justice:

> Specifically, the defendant claimed that he made up the information in his confessions regarding his drug activities to impress law enforcement with his ability to cooperate. Williams also testified that he never claimed to have purchased the firearm, or to have possessed it in connection with the drug business. Williams claimed that he never bought more than an ounce of cocaine at a time, which is inconsistent with his own prior statements and with Bennett's testimony. *In addition, Williams testified that he did not actually buy cocaine from Bennett without law enforcement's knowledge in August 2006, in contradiction to the evidence and his own statements at the time*.

*Id.* at 7 (emphasis added).

Defendant's counsel made the following request for clarification of the enhancement in her statement of objections to the PSI:

> The Defendant objects to this adjustment (paragraphs 28 and 35) mainly because it is unclear from the presentencing report what it is based upon. To the extent that an adjustment for Obstruction of Justice is based on the Defendant's testimony in court, the Defendant objects to the adjustment. The evidence adduced at trial indicates that inconsistent statements were given to officers out of court. The jury, however through its verdict found that the Defendant told the truth while testifying. If the Adjustment for Obstruction of Justice is based on the untruthful statements told law enforcement then the presentence report should state that this is the basis for the adjustment.

(Doc. 77, at 2.) In response, the probation office submitted the following in its addendum to the PSI:

> The defendant seems to admit that he gave false information to law enforcement officers investigating his conduct and the conduct of others. The probation office applied this enhancement based on information supplied by the government regarding the defendant's trial testimony that appear [sic] to conflict with the evidence. The Court, having presided over the trial, is in the best position to evaluate the truthfulness of the defendant. If it is determined that the defendant was truthful at trial, he is still subject to this enhancement for providing materially false information

> to law enforcement officers pursuant to §3C1.1, Commentary Note 4(g). Law enforcement used the defendant as a confidential informant, and the government based its prosecution of Bennett and Pitts, in part, on information provided by the defendant. To now say the information he provided was false could have the effect of tainting other investigations and prosecutions. The probation office believes the defendant's untruthful statements, whether during the investigation, or during court testimony, constitute obstruction of justice.

(Addendum to PSI, at 21.) At the sentencing hearing, Defendant's counsel abandoned her objection to the obstruction of justice enhancement, noting that the addendum to the PSI "cleared [] up" the confusion about whether the enhancement referred to in-court or out-of-court statements. (Trans. Vol. 7, at 29.) Counsel further stated, "I would submit to the court, as [the probation officer] said in her addendum, out of court, I would submit that conceivably by the preponderance of the evidence, there was obstruction of justice." *Id.* at 28-29.

The Court found that the two-point sentencing enhancement for obstruction of justice was appropriate, but focused its discussion on Defendant's trial testimony. The Court found that "in fact, Mr. Williams did a transaction while he was cooperating that was not part of the cooperation." *Id.* at 29. The Court credited the testimony of co-defendant Mr. Bennett in explaining the purported debt, and stated that

> [m]y finding is that Mr. Williams' false testimony at trial on that was willfully false, not the result of bad memory or misunderstanding. I'm aware of the provision in the guidelines that a defendant who testifies incorrectly may do so for a lot of reasons that don't constitute obstruction. But my finding here is that this is willfully false testimony.

*Case No: 4:06-cr-63-RH-GRJ*

*Id.* at 30. The Court noted that Defendant's "testimony with respect to overall drug quantity and his testimony with respect to the firearm" was also "false." *Id.* at 30-31.

Defendant is unable to demonstrate that his counsel's performance fell below an objective and reasonable professional norm. Defendant presents no evidence that his counsel knew that he would commit perjury during his testimony. *See United States v. Moore*, 416 F. App'x 454, 460 (5th Cir. 2011) (affirming denial of ineffective assistance of counsel claim based on counsel's purported failure to warn defendant of possible sentencing enhancement based on perjury, where there was "no evidence on why [] trial counsel should have assumed that [defendant] would perjure himself."). Prior to taking the stand, Defendant swore an oath to tell the truth. (Trans. Vol. 6, at 213.) Therefore,

> [i]t is disingenuous for Petitioner to maintain that he did not understand that there were consequences for lying on the stand. An attorney cannot be ineffective in failing to explain the obvious, that false testimony while under oath, subjects a defendant to a potential prosecution for perjury and a more severe sentence if convicted.

*Smith v. United States*, No. 8:09cv70, 2010 WL 3363037, *2 (M.D. Fla. Aug. 24, 2010). *See also Corley v. United States*, No. 09-0080-WS-C, 2009 WL 4799535, *12 (S.D. Ala. Dec. 1, 2009); *aff'd on other grounds*, 406 F. App'x 342 (11th Cir. 2010) ("[w]arning a criminal defendant that testifying untruthfully could lead to a sentence enhancement for obstruction of justice is not a requirement for a trial defense attorney under the constitutional standard of effective assistance of counsel") (*quoting United States v. Williams*, No. A01-126 CR

JKS/JDR, 2005 WL 3303934, *5 (D. Alaska Dec. 5, 2005); *Cleckler v. United States*, No. 2:08-CV-297-WKW, 2009 WL 1507538, *13 (M.D. Fla. May 29, 2009), *aff'd on other grounds*, 410 F. App'x 279 (11th Cir. 2011) ("'Defense counsel. . . is not required to warn a defendant that testifying untruthfully could lead to a sentence enhancement for obstruction of justice, especially when the defendant has taken the oath.") (*citing Mayes v. United States*, No. 7:07cv00132, 2007 WL 4302829, *9 (W.D. Va. Dec. 6, 2007); *Williams*, 2005 WL 3303934, at *5; *Robertson v. United States*, 144 F. Supp. 2d 58, 67 (D. R.I. 2001). *Cf. United States v. Mocombe*, 4 F. App'x 52, 54 (2d Cir. 2001) ("Even if we found that Mocombe received inadequate preparation before testifying, Mocombe was aware of his obligation to tell the truth before taking the stand.").

    Moreover, in addition to Defendant's failure to demonstrate that his counsel's performance was deficient, Defendant has also failed to establish prejudice as a result of the deficiency. Defendant has presented no evidence to support the argument that if he had not taken the stand and lied, he would not have received the sentencing enhancement for obstruction of justice. The addendum to the PSI noted that the obstruction of justice enhancement could have been based on untruthful statements that Defendant made to law enforcement both during the investigation *and* at trial. Defendant's counsel acknowledged that the enhancement could have been justified based on Defendant's out-of-court false statements to law enforcement. And while the Court focused on Defendant's "willfully false testimony," that false testimony was

itself related to the lies that Defendant told during the investigation about "doing a deal behind the back of the law enforcement officers with whom he was cooperating." (Trans. Vol. 7, at 30, 27.) On this record, and without any further evidence from Defendant, the obstruction of justice enhancement could have applied even if Defendant had not testified. Accordingly, there could be no prejudice from Counsel's alleged failure to warn Defendant of a possible sentencing enhancement prior to his testimony.

Furthermore, Defendant has not shown that his sentence would be different in the absence of a sentencing enhancement for obstruction of justice. With the enhancement, Defendant's guideline range was 108-135 months' imprisonment. Defendant was sentenced to 108 months imprisonment. Without the enhancement, Defendant's guideline range would have been 87-108 months. Therefore, even without the enhancement, Defendant's sentence fell within the advisory guideline range. Defendant points to no evidence that he would again receive a low-end sentence, and has therefore failed to meet his burden on the prejudice prong of *Strickland*.

In *United States v. Cleckler*, the defendant made an identical challenge to his counsel's failure to warn him of a two-point obstruction of justice enhancement based on false testimony. Mr. Cleckler's guideline range was 33 to 41 months' imprisonment, and he was sentenced to 33 months' imprisonment. The guideline range without the enhancement would have been 27 to 33 months' imprisonment. The district court adopted the report and recommendation that

found no prejudice, since the defendant "failed to demonstrate a reasonable probability that, but for counsel's failure to advise him of the possibility that he could receive an enhancement. . . the result of the proceeding would have been different." *Cleckler*, 2009 WL 1507538, at *13. The Eleventh Circuit, affirming the finding of no prejudice, rejected the defendant's argument that he would have again received a low-end sentence on resentencing. *See Cleckler*, 410 F. App'x at 284. The court pointed to the district court's comment, when it adopted the report and recommendation, that Mr. Cleckler's assumption that he would receive a low-end sentence was "speculative." *Id.*

Similarly, Defendant here merely speculates that he would again receive a low-end sentence, but points to no evidence to support that assumption. To be sure, the district court at sentencing stated that if Defendant had continued to cooperate with police and had been consistently truthful, he might have received a substantial-assistance motion and would have had a lower advisory sentencing guideline range. (Trans. Vol. 7, at 47-48.) But the Court also acknowledged that if Defendant had pled guilty, he would have been subject to minimum mandatory sentences, which could only be waived with a substantial assistance motion. *Id.* at 50. The Court concluded that

> I should be careful always about saying what would have happened under other circumstances. I would have looked at it carefully. But there was a significantly lower sentence to be had, had Mr. Williams stayed with it. . . . Someone who provides truthful information to law enforcement and stays with it, in that circumstance, that's some indication that the defendant is no longer on the law-breaking side of the ledger but has come over to the law-abiding citizen side of the ledger.

*Case No: 4:06-cr-63-RH-GRJ*

*Id.*   This scenario, however, assumes that Defendant would have pled guilty, cooperated fully with law enforcement, and received a substantial-assistance motion in order to receive the lower sentence.  On this record, it remains purely speculative to assume that in the mere absence of an obstruction of justice enhancement, with all other aspects of the case remaining the same, that Defendant would have received a lower sentence.  *Cf. Noblitt v. United States*, No. 1:10-CV-1984-CC-LTW, 2011 WL 3206835 (N.D. Ga. July 26, 2011) ("Movant's contrary position is speculation, which is insufficient to satisfy his burden of showing prejudice.") For these reasons, the Court concludes that Defendant has failed to carry his burden of demonstrating prejudice as a result of his counsel's error.

Accordingly, the Defendant's claim fails because he has established neither the deficient performance nor prejudice prongs of *Strickland* with regard to this claim.

### Ineffective Assistance of Counsel: Cumulative Errors

Defendant alleges that his trial counsel failed to (1) file a motion to suppress, (2) file a motion to dismiss the indictment, (3) investigate and present exculpatory evidence, (4) object to unlawful admission of evidence, (5) request appropriate jury instructions, (6) object to the government's closing argument, (7) object to subject matter jurisdiction, territory jurisdiction, personal jurisdiction, and admiralty jurisdiction, (8) move for mistrial based on prosecutorial misconduct, and (9) present the best appellate issues.  Defendant claims that

the cumulative effect of these errors was a deprivation of his Sixth Amendment right to the effective assistance of counsel. However, nowhere in his petition nor in his reply to the government's response does Defendant allege any specific facts whatsoever to support these claims. As previously noted, Defendant bears the burden of proof in demonstrating that his counsel's performance was constitutionally deficient and that he suffered prejudice as a result. *See Smith*, 815 F.2d at 1406-07. On this record, the undersigned concludes that Defendant has established neither the deficient performance nor prejudice prongs of *Strickland* with regard to his claim of ineffective assistance of counsel based on cumulative error.

### First, Second, Fourth, Fifth, Sixth, and Eighth Amendment Violations

Without any argument or specificity Defendant alleges that his conviction and sentence violate the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. Nowhere in his petition nor in his reply to the government's response does he point to any facts whatsoever to support these claims. Accordingly, the undersigned recommends that these claims be summarily denied, because Defendant has not met his burden of alleging "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F. 3d 708, 715 n.6 (11th Cir. 2002)

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 133, be **DENIED**, and that a COA be **DENIED.**

**IN CHAMBERS** this 16th day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.