IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:06cr63-RH/GRJ

MARCOLYNN GERMAINE WILLIAMS,

    Defendant.

_____/

### ORDER DENYING THE § 2255 MOTION

The defendant Marcolynn Germaine Williams has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 157, and the objections, ECF No. 158. I have reviewed *de novo* the issues raised by the objections. This order accepts the report and recommendation, adopts it as the court's opinion to the extent not inconsistent with this order, and denies the § 2255 motion.

Mr. Williams was convicted in a jury trial. Mr. Williams claims, among other things, that his attorney provided ineffective assistance by failing to warn Mr.

Williams, before he testified, that if he gave false testimony and was convicted, he could receive a two-level increase in the United States Sentencing Guidelines offense level based on obstruction of justice.  The claim fails for two reasons.

First, as the report and recommendation correctly concludes, an attorney ordinarily does not render ineffective assistance by failing to give such a warning. The authorities supporting this conclusion are collected in the report and recommendation.  Mr. Williams's attorney did not render ineffective assistance.

Second, a defendant who seeks relief from a conviction based on an attorney's ineffective assistance must show prejudice.  Mr. Williams has not done so.  It is unlikely Mr. Williams would have admitted to the attorney that the testimony he proposed to give was false.  It is unlikely that Mr. Williams, who willfully gave false testimony in an effort to avoid a conviction, would have decided not to do so because of the possibility that, if convicted, the offense level would be increased.

One other matter deserves mention.  The report and recommendation correctly notes that the guideline range was 108 to 135 months, that Mr. Williams was sentenced to 108 months, that without the offense-level increase for obstruction the range would have been 87 to 108 months, and that Mr. Williams's 108-months sentence thus still would have been within the guideline range even without the offense-level increase for obstruction.  As the report and

recommendation correctly notes, more than one court has concluded in circumstances like these that a defendant failed to show prejudice because the same sentence could have been imposed anyway.  But here the same sentence would not have been imposed.  I considered the guideline range—and all the other factors listed in 18 U.S.C. § 3553(a)—in determining Mr. Williams's sentence.  Had the range been 87 to 108 months, the sentence would not have been 108 months.

Even so, as set out above, Mr. Williams is not entitled to relief, both because the attorney did not render ineffective assistance, and because Mr. Williams suffered no prejudice.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a

>demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED with prejudice."

2.  A certificate of appealability is DENIED.

3.  Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on September 10, 2012.

s/Robert L. Hinkle
United States District Judge
